**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Luis Garcia,<br><br>          Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CIV 15-322-TUC-CKJ (JR)<br><br>**ORDER** |

On October 23, 2017, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation (Doc. 16) in which she recommended that the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Manuel Luis Garcia ("Garcia") be denied. The magistrate judge advised the parties that written objections to the Report and Recommendation ("R & R") were to be filed within fourteen days of service of a copy of the Report and Recommendation.

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *See also Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D.Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the

subject of an objection"); *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir.2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

Garcia summarizes his objections as follows:

> First, the Court misconstrued the holding in certain cases that a finding of ineffective assistance can be made with no consideration of the issues presented if the evidence presumptively precludes any finding contrary to guilt. Second, the facts pertaining to Mr. Garcia's alibi were insufficiently considered, denying a fair and meaningful review of that issue. Third, the Court erred in totally ignoring the severance issue that could have changed the outcome as to some or all of charges.

Objection (Doc. 17), p. 2.

The Court adopts those portions of the Report and Recommendation to which Garcia has not specifically objected.

*Habeas Review of Ineffective Assistance of Counsel Claims*

A federal court is not to grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state decision was (1) "contrary to, or an unreasonable application of, clearly established Federal law," as determined by the United States Supreme Court; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See e.g. Harrington v. Richter*, 562 U.S. 86, 97-8 (2011) ("determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

To establish an ineffective assistance of counsel claim, a movant must prove: (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687. As to the first prong, there is a strong presumption defense counsel's performance was sufficiently effective. *Id*. at 689. A movant must show counsel's performance was "outside the wide range of professionally competent

assistance." *Id.* at 690. Counsel's representation must fall "below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir.2011). A court is to inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 689.

As to the second prong, a habeas petitioner must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome." Id. at 695. Both prongs of the ineffective assistance test need not be addressed if the claim can be disposed of on one prong. *Id.* at 697. According to the Supreme Court:

> The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.*

*Magistrate Judge's Conclusion Regarding Lack of Prejudice Without Consideration of Whether the Decision Would Reasonably Likely Have Been Different Absent the Errors*

Garcia argues that a court must conduct at least a brief review of each issue to follow the dictates of *Strickland* to determine how the errors, if true, would have affected a determination of prejudice. As previously stated, a determination of whether prejudice has been shown requires consideration of whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. The magistrate judge similarly summarized this prejudice standard. R & R (Doc. 16), p. 9. The magistrate judge discussed the strength of the government's case; in this discussion the magistrate judge discussed some of the claims raised by Garcia. In concluding prejudice had not been shown, the magistrate judge implicitly considered whether there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The Court agrees with the magistrate judge that the government's case was strong. Further, the Court agrees with the magistrate judge that the result of the proceeding would not have been different even if Garcia's claims were determined to be true. Garcia asserts counsel was ineffective as follows:

> 1. Trial counsel failed to investigate and determine the exact date and time of the 2005 incident until shortly before trial, resulting in the diminishment of a valuable alibi defense as to that incident.
>
> 2. Trial counsel, having failed to timely and properly investigate Garcia's alibi, failed to take appropriate corrective measures, i.e., to move for continuance or to move to withdraw as counsel, having become a critical witness.
>
> 3. Trial counsel failed to move to sever the two separate and unrelated incidents which occurred seventeen months apart, and which had significant factual differences.
>
> 4. Trial counsel failed to preemptively object to questions concerning whether Garcia had ever carried a gun, knowing that such questions were likely to be asked of Garcia when he testified at trial.
>
> 5. Trial counsel failed, during cross-examination of Garcia, to object to questioning regarding whether Garcia had been on release from another felony at the time of the second incident, when such issue was relevant only to an allegation of committing an offense while on release, which was a question to be heard by the jury only after a guilty verdict.
>
> 6. Trial counsel failed to make a proper objection or move for mistrial when the prosecution commented on Garcia's right to silence. Trial counsel's incorrect objection to this line of questioning then opened the door for inappropriate questioning of Garcia as to confidential attorney-client communications.
>
> 7. Trial counsel, without reason or cause, intentionally interjected into Garcia's trial testimony that Garcia had been in prison, when such testimony was irrelevant to any issue and grossly prejudicial.
>
> 8. Trial counsel failed to adequately communicate with Garcia and provide case materials to him.
>
> 9. Trial counsel did not object to the invocation of the "rape shield law" in the case.

R & R, pp. 6-7.

As to Garcia's ineffective assistance of counsel claims, except for the alibi and severance issues, the post-conviction court stated:

> As to the remainder of Defendant's issues with trial counsel's performance, this Court believes that the decisions made could be considered to discretionary, tactical decisions. For example, Defendant argues that counsel should have objected to the State's invocation of the rape shield law. Defendant has not shown a likelihood of

- 4 -

| | |
|---|---|
| 1 | success on the objection and regardless of whether Defendant was denied the opportunity to examine the victim as to her sexual history, the defense presented its own DNA expert, Melissa Beddow, who was allowed to discuss the presence of DNA on the 2007 victim's underwear that matched neither the Defendant nor the victim. This Court cannot conclude that Defendant was prejudiced by counsel's failure to object to the invocation of the rape shield law. |

Response, Ex. LL (Doc. 12-8), p. 5. The court also states that the case "involved a two-week trial and upon review of the evidence as a whole, this Court concludes that trial counsel was not ineffective." *Id.* at 6. In adopting the post-conviction court's ruling, the Court of Appeals of Arizona stated:

> The trial court found that, even assuming a counsel's performance had fallen below prevailing professional norms, Garcia had failed to raise a colorable claim for relief because he had not and could not establish that this allegedly deficient performance had been prejudicial, as required under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See State v. Fillmore*, 187 Ariz. 174, 180, 927 P.2d 1303, 1309 (App. 1996) ("[t]o avoid summary dismissal and achieve an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel," petitioner must raise colorable claim on both parts of the Strickland test, deficient performance and resulting prejudice). The court's ruling and its comments during the status hearing reflect it carefully considered the record and applied the correct standards for determining whether Garcia had raised a claim that entitled him to relief or, at the very least, an evidentiary hearing.
>
> Although Garcia argues in his petition for review that the trial court specifically addressed only some of the claims he had raised, that does not require us to infer the court never considered all of the claims and arguments Garcia had raised in the petition. Rather, based on the language of the ruling, the court's comments at the status hearing, and the presumption that a judge has reviewed the memoranda submitted to him or her, we infer the court considered and rejected all of the claims of ineffective assistance of counsel and the arguments supporting those claims. *See Flynn v. Cornoyer–Hedrick Architects & Planners, Inc.*, 160 Ariz. 187, 193, 772 P.2d 10, 16 (App. 1988) (rejecting claim that court had not read reply to response to motion, despite absence in minute entry of express statement by court it had done so); *cf. Occidental Chem. Co. v. Connor*, 124 Ariz. 341, 344, 604 P.2d 605, 608 (1979) (appellate court presumes trial court considered affidavits that were part of record when it ruled on motion). Because the trial court's ruling is correct and no purpose would be served by restating the ruling in its entirety here, we adopt the ruling. *See Whipple*, 177 Ariz. at 274, 866 P.2d at 1360.

Response, Ex. PP (Doc. 12-10), p. 3.[1] The appellate court also noted the compelling evidence against Garcia. *Id.* at 2.

This Court does not find that the state courts' determination that counsel was not

---

[1]This statement was made in reference to all issues raised by Garcia.

ineffective to be objectively unreasonable. 28 U.S.C. § 2254(d); *Bell v. Cone*, 535 U.S. 685, 698-89 (2002); *Hernandez v. Small*, 282 F.3d 1132 (9th Cir. 2002) (state court's decision can be an unreasonable application of federal law if either it correctly identifies the governing legal principle but applies it to a new set of facts in a way that is objectively unreasonable or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable). Rather, DNA evidence related to both sexual assaults and the identification of tattoos on Garcia's wrist strongly established Garcia's guilt such that even if it were established that counsel's conduct was deficient in any, each, or all of the ways in which Garcia alleges, a substantial likelihood of a different result has not been shown. Indeed, even if any errors by counsel were constitutionally deficient, habeas relief is not available because a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different has not been shown. To state it another way, no additional consideration or discussion of each of the claims is needed because, for purposes of determining whether prejudice has been shown, it may be assumed each of the claims is true. However, because both prongs need to be established, *Miles v. Ryan*, 713 F.3d 477, 486 (9th Cir. 2013) ("To establish ineffective assistance of counsel under Strickland, a prisoner must demonstrate *both*: (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense.") (emphasis in original, citation omitted), a finding that prejudice has not been shown and a determination that the state courts's rulings were not objectively unreasonable prohibits habeas relief on each of the claims.

*Analysis of Alibi Issue and Failure to Include Material Facts and Information*

Garcia argues that the late disclosure of an alibi defense for the December 31, 2005, incident allowed the government to argue to the jury that the defense was not credible because the multiple family members did not earlier provide an alibi for Garcia. Garcia argues the egregious incompetence of counsel led the jury to distrust the alibi witnesses and

cast Garcia as a liar. As to this issue, in addition to the summarizing applicable legal issues, the post-conviction court stated:

> Defendant presents the Affidavit of Dan Cooper to buttress his argument that trial counsel was ineffective. Cooper recites two areas in which he believes trial counsel was ineffective. First, the failure to be aware of the actual date of one of the incidents and then upon discovering his error, failed to take appropriate remedial actions, which undermined the presentation of the alibi witnesses who testified at trial. . .
>
> As for trial counsel's failure to realize the correct date of the 2005 incident, it is clear that counsel did make an error. This Court has reviewed the trial transcripts and notes that Defendant was allowed to present Serina Romero (Defendant's girlfriend), Gloria Lopez Garcia (Defendant's mother) and Manuela Hernandez (Defendant's aunt) as alibi witnesses. Each testified that Defendant was in Bowie, Arizona, on the night of December 30, 2005 and the following morning, and therefore he could not have been in Tucson, Arizona. The prosecutor cross-examined each witness, as well as Defendant, as to when they came forward with information as to the alibi. Trial counsel admitted error as to the date of the 2005 incident during closing arguments to mitigate the effect of the late disclosure of the alibi.
>
> Defendant now presents the affidavits of additional alibi witnesses – those of Delia Guzman, Jennifer Guzman, Gilbert Tellez, and Gabriel Garcia. The affidavits each offer the same or similar alibi testimony as was given by Serina Romero, Gloria Lopez Garcia and Manuela Hernandez.
>
> Given the strength of the prosecution's evidence as to the 2005 incident – in particular, the DNA evidence – this Court cannot conclude that presenting additional family members as alibi witnesses would be reasonably probable to affect Defendant's conviction or sentence. Nor can this Court conclude that a different result would be reasonably probable after a new trial in which the alibi witnesses were not challenged as to the timing of their alibi disclosure.

Response, Ex. LL (Doc. 12-8), pp. 3-4. As previously stated, the Court of Appeals adopted the post-conviction court's ruling and found Garcia was not entitled to post-conviction relief.

The Court finds that the state courts' determination that counsel was not ineffective is not objectively unreasonable. 28 U.S.C. § 2254(d); *Bell*; *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.2003) (reversal is warranted under "clearly erroneous" provision of AEDPA only if the state court's application of federal law is objectively unreasonable). Rather, the Court agrees with the magistrate judge that the strong evidence obviates the need for further consideration of the merits of this claim. Indeed, the deoxyribonucleic acid ("DNA") profile of swabs taken from the December 31, 2005, incident was estimated to match one in 590 trillion. In light of this evidence, even assuming counsel's conduct was deficient, prejudice

has not been established.

*Severance Issue*

Garcia objects to the magistrate judge failing to mention trial counsel's failure to move to sever the two incidents. Garcia argues that, had a severance been sought, it should have been granted.

In discussing this issue, the post-conviction court summarized applicable standards and cited to the applicable state rule. The court stated:

> Defendant presents the Affidavit of Dan Cooper to buttress his argument that trial counsel was ineffective. Cooper recites two areas in which he believes trial counsel was ineffective. . . Second, trial counsel failed to move to sever the two incidents and "the likely impact of two separate trials would have had at least a reasonable probability of affecting the outcome of this case."
>
> * * * * *
>
> * * * * *
>
> Here, it appears from the facts that the offenses from the 2005 and 2007 incidents were joined by virtue of Rule 13.3(a)(1), which states that "[p]roved that each is stated in a separate count, 2 or more offenses may be joined in an indictment, information or complaint, if they (1) are of the same or similar character . . . ." Ariz.R.Crim.P. 13.3(a)(1). Therefore, according to Rule 13.4(b), Defendant was entitled to severance unless evidence of the other offense or offenses would be admissible under applicable rules of evidence if the offenses were tried separately. The State argues that under Rule of Evidence 404(b) and (c), and A.R.S. § 13, 1420, evidence of the other offenses would have been admissible and therefore severance improper.
>
> It is conceivable that in Defendant's case, trial counsel failed to move to sever because of a tactical decision or because he adjudged that under the Rules, the motion would be denied and/or that evidence of the other offenses would have come in under Rules 404(b) and (c). This Court must presume that counsel acted properly unless petitioner can show that the decision was not a tactical one. *State v. Goswick*, 142 Ariz. 582, 586, 691 P.2d 673, 677 (1984). Further, this Court does not agree with Attorney Cooper's assessment that a different outcome would be reasonable [sic] probable.
>
> In the 2005 incident, the DNA evidence was virtually an exact match to Defendant's DNA, as the State's expert testified that there was a likelihood of one in 590 trillion that such a match could occur. In the 2007 incident, there was also DNA evidence indicating that there was a one in 200 likelihood of a match, not just among the general population but one in 200 amongst Southwest Hispanics. In the 2007 incident, the victim described a tattoo on the assailant's wrist consisting of letters written in cursive and Defendant bears a tattoo similar to that described by the victim.

- 8 -

> While this Court could say that a different outcome could be *possible* if the trials were severed, it cannot conclude that a different outcome would be *reasonably probable*.

Response, Ex. LL (Doc. 12-8), pp. 4-5. As previously stated, the Court of Appeals adopted the post-conviction court's ruling and found Garcia was not entitled to post-conviction relief.

The magistrate judge stated she need not examine whether the severance of the charges would have made a difference to the jury because, even "if counsel performed as Garcia contends he should have, a substantial likelihood of a different result would [not] have resulted." R & R (Doc. 16), p. 11.

The evidence against Garcia was strong as to each incident. Evidence regarding the December 31, 2005 incident included overwhelming DNA evidence. The June 5, 2007 incident included DNA evidence that could not exclude Garcia, but was not overwhelming. However, the evidence of that incident also included identification of a tattoo on Garcia's wrist. In other words, any alleged deficient conduct would not have changed the result of trials of either incident. Moreover, the Court finds the alleged deficient conduct would not have even changed the offenses being jointly tried. As the modus operandi of each of the incidents were similar (Garcia asking for someone who owed him money, covering the head of the victim during the sexual assault, turning on the lights, Garcia performing oral sex, vaginal rape, and anal rape on each of the victims), evidence of the separate incidents would have been admissible as other act evidence, which would make a severance unwarranted. 22A C.J.S. Criminal Procedure and Rights of Accused § 539; *State v. LeBrun*, 222 Ariz. 183, 185, 213 P.3d 332, 334 (App. 2009) (as amended).

The Court does not find that the state courts' determination that counsel was not ineffective to be objectively unreasonable. 28 U.S.C. § 2254(d); *Bell*; *Hernandez.* The Court agrees with the magistrate judge that habeas relief is not warranted.

*Conclusion*

Given the reasons the Arizona courts stated for not granting relief, this Court does not

- 9 -

find that the state courts' decision involved an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d) (habeas relief not available with respect to a claim unless the state courts' adjudication of it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"); *see also Cullen v. Pinholster*, 563 U.S. 170 (2011). The Court agrees with the magistrate judge that Garcia is not entitled to relief.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not

automatically waive appellate challenge)   In the certificate, the Court must indicate which specific issues satisfy the showing.  *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. Additionally, the Court finds that reasonable jurists would not find the district court's assessment of the constitutional claims regarding the ineffective assistance of counsel claims debatable or wrong.  A COA, therefore, shall not issue.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 16) is ADOPTED.

2. Garcia's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is DENIED AND THIS CASE IS DISMISSED.

3. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

4. A Certificate of Appealability shall not issue.

DATED this 22nd day of August, 2018.

_____
Cindy K. Jorgenson
United States District Judge